**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JEREMY KENNEDY, ADC # 093061    \*
    \*
        Petitioner,    \*
    \*
v.    \*
    \*    No. 5:15CV00184-JJV
WENDY KELLEY, Director,    \*
Arkansas Department of Correction    \*
    \*
        Respondent.    \*

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254, Motion for Temporary Restraining Order (Doc. No. 7), and Memorandum of Law in Support (Doc. No. 8) filed by Jeremy Kennedy, an inmate in the North Central Unit of the Arkansas Department of Correction (ADC).

**I.    BACKGROUND**

Over the last twenty years, Petitioner Jeremy Kennedy has been convicted of multiple felonies. Most recently in January 2014, he was sentenced to a 156-month term of imprisonment for residential burglary and a 72-month term of imprisonment for theft of property greater than $5000. (Doc. No. 9-1 at 46-7.) The sentences were to run concurrently. (*Id.*) A few months prior, in April 2013, Mr. Kennedy was sentenced to 20 years' imprisonment after pleading guilty to one count of residential burglary and one count of theft of property. (Doc. No. 9-1 at 52-4.) The sentences were 240-months' imprisonment and 72-months' imprisonment respectively, with the sentences running concurrently. (*Id.* at 54.) Other crimes include possession of a firearm by certain persons, theft by receiving and other burglary and theft of property charges. (*Id.* at 2-3.) All of his convictions arise from negotiated pleas of guilty or nolo contendere. Although he was sentenced to

twenty years in 2013, and twelve years in 2014, he is projected to be paroled in 2016. (Doc. No. 1.)

Mr. Kennedy filed a Petition for Writ of Habeas Corpus on June 8, 2015, asking the Court for his immediate release into a transitional facility. (*Id.*) He also filed a Motion for Temporary Restraining Order (Doc. No. 7) with a supporting Memorandum of Law (Doc. No. 8) asking the Court to order the "state corrections officials to schedule him to appear before the parole board . . ." (*Id.*) Respondent contends that because claims challenging the Parole Board's transfer determinations are not cognizable under federal habeas corpus law, Mr. Kennedy's Petition must be dismissed. (Doc. No. 9.) For the following reasons, this Court agrees.

## II.   ANALYSIS

Petitioner argues in his Petition, Motion for Temporary Restraining Order, Memorandum of Law, and Counter-reply that he must be transferred to a transitional facility or, at a minimum, be given a determination hearing before the Parole Board. (Doc. Nos. 1, 7, 8, 10.) Mr. Kennedy contends that Arkansas Code Annotated § 16-93-211 creates a liberty interest in an inmate's request to be moved into a transitional housing facility up to one year before parole eligibility, and he argues that *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), created a liberty interest in an inmate's right to parole. However, Mr. Kennedy is mistaken in his interpretation of the law. *Greenholtz* states that an inmate only has a constitutional right to parole if the state's parole statutes create one. *Id.* at 16.

In fact, long standing precedent concludes there is no liberty interest in discretionary parole decisions. *Persechini v. Callaway*, F.3d 802, 807 (8th Cir. 2011); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (inmate does not have constitutionally protected liberty interest in possibility of parole); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest). Furthermore, the United States Court of Appeals for the Eighth Circuit has held

2

that Arkansas parole statutes do not create a liberty interest. *Parker v. Corrothers*, 750 F.25 653, 655 (8th Cir. 1984). The Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the Department of Community Corrections. For instance, the Parole Board is vested with discretion that they "may release on parole any individual eligible under § 16-93-601 . . . when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself." Ark. Code Ann. § 16-93-701(a)(1) (Supp. 2001) (Lexis Nexis). And the Arkansas statute addressing inmate transfer to the Department of Community Corrections states that "[u]pon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in accordance with the rules and regulations promulgated by the Board of Corrections and conditions set by the Post Prison Transfer Board." Ark. Code Ann. § 16-93-1208(a)(1)(A) (Supp. 2001) (Lexis Nexis).

Arkansas Code Annotated § 16-93-1210 also expressly provides that nothing in the statutes "shall grant any offender the right to be sentenced or transferred . . . as a matter of right." Ark. Code Ann. § 16-93-1210 (Supp. 2001) (Lexis Nexis). So, nothing in the Arkansas parole statutes creates anything more than a mere possibility of parole, and the statutes do not establish any right to release on parole or transfer which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir. 1990).

It is understandable that Mr. Kennedy believes he should be moved into a transitional housing facility, especially because he had been there while serving a previous sentence. However, the parole board found Mr. Kennedy ineligible for transfer because he had "extensive criminal history." (Doc. No. 1.) Broad discretion is given to the parole board, and its decision is binding. Mr. Kennedy does not have a liberty interest in being transferred, and his constitutional rights have

not been violated.  Therefore, his Petition for Writ of Habeas Corpus must be denied for failing to state a cognizable claim in which relief can be granted.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As previously stated, an Arkansas inmate does not have a constitutional right to parole and, therefore, a certificate of appealability will not be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Mr. Kennedy's cause of action is DISMISSED with prejudice, and the requested relief is DENIED.

2.    The Motion for Temporary Restraining Order is DENIED.

3.    A certificate of appealability will not be issued.

SO ORDERED this 19th day of August, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE